O

# United States District Court
# Central District of California

| | |
|---|---|
| DARRELL WORTHEN,<br><br>                    Plaintiff,<br><br>        v.<br><br>DEBORAH LEE JAMES,<br><br>Secretary of the Air Force<br><br>                    Defendants. | Case № 2:15-cv-01747-ODW-JC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [10]** |

## I.    INTRODUCTION

Plaintiff Darrell Worthen ("Worthen") brings an action against the United States Air Force for unlawful discrimination under Title VII. Defendant Deborah Lee James ("the Air Force") moves to dismiss based on Worthen's failure to exhaust all administrative remedies. For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.[1] (ECF No. 10.)

## II.    FACTUAL BACKGROUND

Worthen, an employee of the United States Air Force, alleges that the Air Force unlawfully discriminated against him on twelve separate occasions based on his race and/or in retaliation for previous discrimination complaints, between September 2011 and November 2014. (Compl. 2–3.) In response to the alleged discrimination,

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

1   Worthen initiated contact with an Equal Opportunity ("EO") Counselor and received
2   notice of his right to file an Equal Employment Opportunity Commission ("EEOC")
3   complaint for each of these claims (Claim No. 901S12020, Claim No. 901S13031,
4   and Claim No. 901S15001).  (*Id.* Ex. 1.)  Worthen alleges that he then filed three
5   EEOC complaints.  (*Id.* Ex. 2.)

6        On March 10, 2015, Worthen brought this pro per employment discrimination
7   case against the Air Force.  (*Id.* 1.)  He alleges unlawful discrimination based on his
8   race, age, and previous participation in an EEOC investigation.  (*Id.* 3.)  Worthen
9   claims that the alleged discrimination is manifested by a failure to promote, reduction
10  in wages, working conditions that differed from similarly situated employees,
11  harassment, bullying, intimidation, reprisal, retaliation, demotion, and wrongful
12  discharge from employment for a period of time.  (*Id.* 3–4.)

13       On May 22, 2015, the Air Force moved to dismiss or, in the alternative, moved
14  for a more definite statement.  (ECF No. 10.)  An Opposition and Reply were timely
15  filed.[2]  (ECF Nos. 11, 12.)  That Motion is now before the Court for consideration.

16              **III.   LEGAL STANDARD**

17       A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable
18  legal theory or insufficient facts pleaded to support an otherwise cognizable legal
19  theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To
20  survive a dismissal motion, a complaint need only satisfy the minimal notice pleading
21  requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v.*
22  *Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to
23  raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550
24  U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter,

25

26  [2] Worthen additionally filed a Response to the Reply on July 1, 2015.  (ECF No. 14 ["Resp."].)
27  Under Local Rule 7-10, a response to the reply is only permitted with prior written approval by the
    Court.  Because Worthen represents himself, the Court treats him with leniency when dealing with
28  technical rules of civil procedure, so will consider the Response for this occasion.  *See Draper v.*
    *Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Before filing a lawsuit with a federal court, an employee asserting Title VII claims must first exhaust his administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). To exhaust his administrative remedies, the employee must first contact an EO Counselor to try to resolve the issue. *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 768–769 (9th Cir. 1991). If this fails to satisfy the individual, he must next file a timely, formal complaint with EEOC, allowing the agency to investigate the alleged discrimination. *Id.* Only after the employee receives a final disposition may he file a civil claim in district court. *Id.* at 769. An employee obtains a final disposition in one of two ways: (1) EEOC issues a final decision on the employee's complaint, or (2) EEOC takes no action for 180 days after the employee files his complaint. 42 U.S.C. § 2000e–16(c). A federal district court in the Ninth

Circuit only has jurisdiction over the charges set forth in the formal EEOC complaint and any allegations that are "like or reasonably related" to the charges. *Sommatino v. U.S.*, 255 F.3d 704, 708 (9th Cir. 2001).

The Air Force argues that the Court must dismiss the Complaint because Worthen failed to exhaust his administrative remedies prior to filing. (Mot. 1.) Specifically, the Air Force argues that Worthen never filed a formal complaint with EEOC for Claim No. 901S15001.[3] (*Id.*) Worthen, however, attached the first page of an EEOC complaint form for Claim No. 901S15001 to the Complaint as an exhibit. (Compl. Ex. 2.) The Air Force questions the authenticity of this exhibit and states that it "has no record of ever having received this document." (Mot. 2.)

Although both parties focused their arguments entirely on the authenticity of this document, the Court finds another issue to be dispositive to the Air Force's Motion. The Court agrees with the Air Force's general contention that Worthen failed to sufficiently plead that he exhausted administrative resources. Assuming that Worthen filed an EEOC complaint for Claim No. 901S15001, Worthen still has not pled that he received a final disposition for any of the three formal complaints lodged against the Air Force. Worthen alleges that he filed the formal complaint for Claim No. 901S15001 on November 26, 2014. (Resp. 2.) Thus, to satisfy the final disposition requirement, Worthen either needed to plead that he received a final agency decision or show that he did not receive a final decision from EEOC for 180 days after filing the complaint. *See Vinieratos*, 939 F.2d at 768–769. Worthen makes no mention of any final agency decision and filed the Complaint on March 10, 2015. (Compl. 1.) If Worthen did not receive a final decision from EEOC, he then needed to wait to file the Complaint until May 25, 2015 to satisfy the 180 days requirement. Worthen failed to plead any similar facts for Claim No. 901S12020 and Claim No. 901S13031.

---

[3] Given the lack of discussion regarding Worthen's other two administrative claims (Claim No. 901S12020 and Claim No. 901S13031), the Air Force seemingly accepts that these claims were appropriately filed.

Finally, the Court notes Worthen improperly alleges age-discrimination by the Air Force. (*See* Compl. 3.) Worthen's EEOC complaints make no mention of age-based discrimination, therefore he is precluded from alleging it for the first time in his Complaint. (Compl. Ex. 1.) *See Shaw v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 272–273 (9th Cir. 1981) (holding that claims of race, color, and religious discrimination were properly dismissed where plaintiff failed to bring allegations to EEOC). As discussed above, the Court lacks jurisdiction over Title VII claims that the plaintiff has never brought to EEOC. Thus, any Title VII claims stemming from age-based discrimination are **DISMISSED** with prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss with leave to amend except with respect to any claims stemming from age-based discrimination consistent with this Order. (ECF No. 10.) Plaintiff has until **September 17, 2015** to file an amended complaint.

The Court reminds Plaintiff to conform to the Local Rules by participating in any required conferences with Defendant. Although the Court understands that Plaintiff represents himself, the Court will not be so lenient when dealing with failure to comply with the Local Rules in the future.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Court also advises Plaintiff that a Federal **Pro Se Clinic** is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal **Pro Se Clinic** offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions.  For more information, Defendants may visit http://www.cacd.uscourts.gov/ and follow the link for "**Pro Se Clinic**—Los Angeles" or contact Public Counsel at 213–385–2977, extension 270.  Plaintiff is encouraged to visit the clinic, or seek the advice of an attorney, as this case proceeds.

**IT IS SO ORDERED.**

September 3, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**